IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFF DUHOSKI and SHAWN RICHARDS, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 12-CV-5002 |
| VILLAGE OF UNIVERSITY PARK, ILLINOIS | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiffs, JEFF DUHOSKI and SHAWN RICHARDS, by and through their attorneys, Joel A. D'Alba and Ryan A. Hagerty of Asher, Gittler & D'Alba, Ltd., complains of Defendant, VILLAGE OF UNIVERSITY PARK, ILLINOIS, and, in so doing, alleges as follows:

### Nature of Action

1. This is an action to recover unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended ("the FLSA"), 29 U.S.C. §§ 207, 216, unpaid minimum wages and other relief under the Illinois Minimum Wage Law ("the IMWL"), 820 ILCS 105/1, *et seq.*, and unpaid wages and other relief under the Illinois Wage Payment and Collection Act ("the IWPCA"), 820 ILCS 115, *et seq*.

### Jurisdiction and Venue

2. Jurisdiction for this action is conferred upon this Court by 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue is proper in this Court because Defendant resides in this judicial district and all events giving rise to Plaintiffs' claims occurred in this district. 28 U.S.C. §1391.

## Parties

4. Plaintiffs are residents and citizens of Illinois and consent to the maintenance of this action pursuant to 29 U.S.C. §216(b). A copy of Plaintiffs' Section 216(b) Consents are attached hereto.

5. Defendant is a municipal entity located in Cook County and Will County, Illinois.

6. Defendant was, and at all times hereinafter mentioned has been, an "employer" of Plaintiffs within the meaning of Sections 203(d) of the FLSA, 29 U.S.C. §§ 203(d), and, as such, is subject to the overtime provisions of Section 7 of the FLSA, 29 U.S.C. § 207.

7. Defendant was, and at all times hereinafter mentioned has been, an "employer" of Plaintiffs as that term is defined under the IMWL, 820 ILCS 105/3(c), and, as such, is subject to the minimum wage provisions of Section 105/4 of the IMWL, 820 ILCS 105/4.

8. Defendant was, and at all times hereinafter mentioned has been, an "employer" of Plaintiffs within the meaning of Section 2 of the IWPCA, 820 ILCS 115/2, and, as such, is subject to the overtime provisions of Sections 3 and 4 of the IWPCA, 820 ILCS 105/3 and 4..

9. At all relevant times, Defendant has been and is an "enterprise engaged in commerce or in the production of goods for commerce" and is a public agency for purposes of Section 203(s) of the FLSA, 29 U.S.C. § 203(s).

10. At all relevant times, Plaintiffs were (and continue to be) full-time "employees" of Defendant within the meaning of Section 203(e)(2)(C) of the FLSA, 29 U.S.C. §203(e)(2)(C).

11. At all relevant times, Plaintiffs were (and continue to be) full-time "employees" of Defendant as that term is defined under the IMWL, 820 ILCS 105/3(d).

12. At all relevant times, Plaintiffs were (and continue to be) full-time "employees" of Defendant as that term is defined under the IWPCA, 820 ILCS 115/2.

13. Plaintiffs are currently employed by Defendant as Lieutenant/Paramedics and work under a collective bargaining agreement.

14. As Lieutenant/Paramedics, Plaintiffs' primary duties are to rescue fire, crime or accident victims, and to prevent, control or extinguish fires of any type.

15. Plaintiffs are front-line first responders to emergency situations.

**Facts**

16. At all relevant times, Plaintiffs were subject to the promotions procedure of Defendant's fire department.

17. Pursuant to that procedure, Defendant required Plaintiffs to satisfy significant educational requirements after they were promoted to the position of Lieutenant/Paramedic.

18. Defendant required each Plaintiff to obtain an Associates of Applied Science in Fire Science.

19. Plaintiff Duhoski had been a lieutenant/paramedic for approximately four (4) years before Defendant required him to get a fire science associate's degree under the department's promotions procedure.

20. Defendant required Plaintiff Richards to get a fire science associate's degree shortly after Richards became a Lieutenant/Paramedic.

21. On information and belief, Defendant requires this degree of its Lieutenant/Paramedics in part because it is designed to help them perform the duties of their jobs more effectively.

22. The fire science associate's degree is directly related to Plaintiffs' jobs as Lieutenant/Paramedics.

23. Defendant made obtaining the fire sciences associate's degree a condition of each Plaintiff's continued employment as Lieutenant/Paramedics.

24. Defendant stated that if its Lieutenant/Paramedics failed to obtain the required degree, they would be recommended for demotion.

25. As such, Plaintiffs' attendance at classes and the performance of all related and necessary coursework for the purpose of obtaining the associates degree required by Defendant was involuntary.

26. Plaintiff Duhoski had satisfied several of the general education requirements for the associate's degree long before Defendant employed him; however, Duhoski had to take a total of five (5) classes in order to obtain his fire sciences associate's degree.

27. Plaintiff Richards had satisfied several of the general education requirements for the associate's degree long before Defendant employed him; however, Richards had to take a total of five (5) classes in order to obtain his fire sciences associate's degree.

28. As required by Defendant, each Plaintiff obtained an associate's degree in fire sciences.

## Count I
## Violation of the Fair Labor Standards Act

29. Plaintiffs reallege and restate Paragraphs 1 through 28 as if set forth fully herein.

30. Within the last three years, and during periods of time in which Plaintiffs satisfied the applicable overtime threshold under Section 7(k) of the FLSA, each Plaintiff was required to spend (and actually spent) considerable amounts of time (a) preparing for and attending classes,

4

(b) performing assigned coursework, and (c) studying for examinations in order to obtain the fire science associate's degree required by Defendant.

31. In addition, Plaintiff Richards spent a considerable amount of time traveling to and from his classes.

32. Plaintiffs were required to make these time expenditures outside of regular working hours and during their own, personal time.

33. The time that Plaintiffs spent preparing for and attending classes, performing assigned coursework, and studying for examinations in order to obtain their associate's degree constitutes compensable work hours under the FLSA.

34. The time spent by Plaintiff Richards traveling to and from his classes to obtain a degree required by Defendant also constitutes compensable work hours under the FLSA.

35. Defendant failed and refused to pay Plaintiffs any compensation for the time expenditures referenced in Paragraphs 33 and 34, let alone overtime compensation under the FLSA.

36. By failing and refusing to compensate Plaintiffs for these time expenditures (as noted in Paragraphs 33 and 34) over the last three years, at a rate not less than one and one-half (1-1/2) times their regular rate of pay, during periods of time in which Plaintiffs satisfied the applicable overtime threshold under Section 7(k) of the FLSA, Defendant violated Sections 207 and 215(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2).

37. Defendant's violations of the FLSA were willful in that Defendant's failure to pay proper overtime compensation was done knowingly and intentionally in violation of the FLSA or with reckless disregard for Defendant's obligations under the FLSA.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant on Count I as follows:

    A.    A declaratory judgment finding that Defendant willfully violated Sections 207 and 215(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

    B.    A money judgment against Defendant for all sums which may be found to be due to Plaintiffs as compensatory damages, interest, liquidated damages, attorneys' fees and costs.

    C.    An order directing such other and further relief as the Court may deem just and proper.

## Count II
## Violation of the Illinois Minimum Wage Law

38.    Plaintiffs reallege and restate Paragraphs 1 through 37 as if set forth fully herein.

39.    Within the last three years, and during periods of time in which Plaintiffs did not satisfy the applicable overtime threshold required by state and federal law, each Plaintiff was required to spend (and actually spent) considerable amounts of time (a) preparing for and attending classes, (b) performing assigned coursework, and (c) studying for examinations in order to obtain the fire science associate's degree required by Defendant.

40.    In addition, Plaintiff Richards spent a considerable amount of time traveling to and from his classes.

41.    Plaintiffs were required to make these time expenditures outside of regular working hours and during their own, personal time.

42. The time that Plaintiffs spent preparing for and attending classes, performing assigned coursework, and studying for examinations in order to obtain their associate's degree constitutes compensable work hours under the IMWL.

43. The time spent by Plaintiff Richards traveling to and from his classes to obtain a degree required by Defendant also constitutes compensable work hours under the IMWL.

44. Defendant failed and refused to pay Plaintiffs any compensation for the time expenditures referenced in Paragraphs 42 and 43.

45. By failing and refusing to compensate Plaintiffs for these time expenditures (as noted in Paragraphs 42 and 43) over the last three years, at the applicable minimum wage rate(s), during periods of time in which Plaintiffs did not satisfy the applicable overtime threshold required by state and federal law, Defendant violated Section 105/4 of the IMWL, 820 ILCS 105/4.

46. Defendant's violations of the IMWL were willful in that Defendant's failure to pay proper compensation thereunder was done knowingly and intentionally in violation of the IMWL or with reckless disregard for Defendant's obligations under the IMWL.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant on Count II as follows:

A. A declaratory judgment finding that Defendant willfully violated Section 105/4 of the IMWL, 820 ILCS 105/4.

B. A judgment in the amount of all wages and other compensation due as provided by the IMWL;

C. The 2% damages penalty provided for in Section 12(a) of the IMWL, 820 ILCS 105/12(a);

D. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

E. An order directing such other and further relief as the Court may deem just and proper.

## Count III
## Violation of the Illinois Wage Payment and Collection Act

47. Plaintiffs reallege and restate Paragraphs 1 through 46 as if set forth fully herein.

48. The IWPCA states, in pertinent part, as follows: "Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period…" 820 ILCS 115/3.

49. Continuing further, the IWPCA states that "[all wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS 115/4.

50. As employees of Defendant, Plaintiffs are entitled to the timely payment of wages due to them by Defendant under the IWPCA.

51. Under a collective bargaining agreement, Plaintiffs are to receive certain wages in compensation for their work for Defendant

52. Defendant's failure and refusal to issue proper compensation to Plaintiffs for the time that they spent preparing for and attending classes, performing assigned coursework, and studying for examinations in order to obtain their associate's degree, and Defendant's failure to pay Plaintiff Richards for the time he spent traveling to and from his classes to obtain that degree, constitutes a violation of the IWPCA.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant on Count II as follows:

    A.    A declaratory judgment finding that Defendant willfully violated the IWPCA.

    B.    A judgment in the amount of all wages and other compensation due as provided by the IWPCA;

    C.    The 2% damages penalty provided by the IWPCA;

    D.    Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

    E.    An order directing such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all counts.

                                      Respectfully submitted,

                                      /s/ Ryan A. Hagerty

Joel A. D'Alba
Ryan A. Hagerty
ASHER, GITTLER & D'ALBA, Ltd.
200 W. Jackson Blvd.
Suite 1900
Chicago, Illinois 60606
312/263-1500 (phone)
312/263-1520 (fax)
*Attorneys for Plaintiffs*

9